UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLY ACQUISITIONS, LTD., a Nevis corporation; and CHARLY TRADEMARKS LTD., a Nevis corporation,<br><br>                    Plaintiffs,<br><br>            v.<br><br>43 NORTH BROADWAY, LLC, a New York limited liability company; and DOES 1 through 20,<br><br>                    Defendants. | Case No. 7:23-cv-09851-KMK-AEK<br><br>AMENDED CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER |

    WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

    ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties to this action and all third parties providing discovery in this action in connection with the pretrial phase of this action:

    1.    Counsel for any party or person producing or disclosing documents or information (the "Producing Party") may designate any document or information, in whole or in part, as (1) "Confidential" or (2) "Highly Confidential – Outside Counsel Attorneys' Eyes Only." Collectively, these two categories are referred to herein as "Confidential Information."

    2.    Counsel may use the "Confidential" designation for any documents or information that the Producing Party determines, in good faith, requires that designation to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information. Information and documents designated as "Confidential" will be stamped "CONFIDENTIAL."

    3.    Counsel may use the "Highly Confidential – Outside Counsel Attorneys' Eyes Only" designation for a subset of Confidential Information that the Producing Party determines, in good faith, to be so sensitive that disclosure to a Receiving Party itself (as opposed to its outside counsel under the restrictions provided herein) would materially threaten harm to the business, commercial or financial interests of the Producing Party. Information and documents designated as "Highly Confidential – Outside Counsel Attorney's Eyes Only" will be stamped "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ATTORNEY'S EYES ONLY."

    4.    All Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

5. In the event a party challenges the Producing Party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

6. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a. The requesting party and counsel, including in-house counsel;
   b. Employees of such counsel assigned to and necessary to assist in the litigation;
   c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and
   d. The Court (including a mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

7. Documents designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ATTORNEY'S EYES ONLY" shall not be disclosed to any person, except:

   a. The requesting party's outside counsel;
   b. Employees of the requesting party's outside counsel assigned to and necessary to assist in the litigation.
   c. The Court, with a proper motion to seal.

8. Before disclosing the Confidential Information to any person, counsel must:

   a. Inform the recipient of the confidential nature of the information or documents;
   b. Inform the recipient that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and
   c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

9. The disclosure of a document or information without designating it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ATTORNEY'S EYES ONLY" shall not constitute a waiver of the right to later designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

10. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

11. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

12. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

13. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the Producing Party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

14. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

SO STIPULATED AND AGREED.

Dated: June 24, 2024
New York, NY

/s/ Leo M. Lichtman
Counsel for Plaintiffs

/s/ Brian Farkas
Counsel for Defendant

SO ORDERED.

_____
ANDREW E. KRAUSE
United States Magistrate Judge

Dated: June 25, 2024

# EXHIBIT A

## CERTIFICATION REGARDING CONFIDENTIAL INFORMATION

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Charly Acquisitions, Ltd et al v. 43 North Broadway, LLC et al.* (7:23-cv-09851-KMK-AEK) have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court. I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Dated: _____

_____          _____
Name (printed)                                    Signature


Signed in the presence of:

_____
(Attorney)