UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

CHARLY ACQUISITIONS, LTD. and CHARLY
TRADEMARKS, LTD.*,*

                      Plaintiffs,                  **DECISION AND ORDER**

         -against-                     23 Civ. 9851 (KMK) (AEK)

43 NORTH BROADWAY, LLC,
THOMAS FICARA, MARGATE
ENTERTAINMENT LLC, and DOES 1-20,

                      Defendants.

------------------------------------------------------------x

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

      Currently before the Court is the motion of Defendant 43 North Broadway, LLC ("43

North") to use alternative means to effect service of its crossclaims on Defendants Thomas

Ficara ("Ficara") and Margate Entertainment LLC ("Margate") (collectively, the "Crossclaim

Defendants"), and for an extension of time of the deadline to complete service of the

crossclaims.  ECF No. 68 ("Mot.").  After the motion was filed, 43 North also moved for

permission to serve discovery requests on the Crossclaim Defendants by the same alternative

means.  ECF No. 76.  Both motions are unopposed.  For the reasons that follow, the motions are

GRANTED, with the particular limitations set forth below.

**BACKGROUND**

      On November 7, 2023, Plaintiffs Charly Acquisitions, Ltd. and Charly Trademarks, Ltd.

(collectively, "Charly") commenced this action against 43 North, and on July 11, 2024, filed a

first amended complaint, which added Ficara and Margate as new defendants in the action.  ECF

No. 51.  On July 25, 2024, 43 North filed an answer to the first amended complaint which

included crossclaims against Ficara and Margate.  ECF No. 56.  Summonses for the crossclaims were issued for Ficara and Margate on October 9, 2024.  ECF Nos. 66, 67.

      A.      **43 North's Attempts to Personally Serve Ficara**

On October 17, 2024, a process server employed by 43 North attempted personal service on Ficara at 21900 Neuralia Road, California City, CA 93505, a residential address where, according to 43 North, Ficara previously had been served by Charly.  Mot. at 2 & Ex. 2; *see* ECF No. 58.  The process server "spoke to Alan Doe who advised that [Ficara] has not lived at this location and his current whereabouts are unknown."  *Id.* Ex. 2.  According to 43 North, the process server was able to identify "Alan Doe," from a photograph found on Margate's website, as Alan S. Rosenberg.  Mot. at 2 & n. 1.  Rosenberg is the individual who accepted service of the first amended complaint on Ficara's behalf at 21900 Neuralia Road on August 27, 2024.  *Id.* at 2 & n.1, Ex. 1; *see* ECF No. 58.

The process server subsequently made two additional attempts at personal service on Ficara at the 21900 Neuralia Road address.  *Id.* at 2 & Ex. 3.  On November 8, 2024, the process server went to the residence and spoke with John "Doe," who refused to provide his last name; John "Doe" stated that Ficara no longer resided at that address, but told the process server that Ficara "still keeps his car on the property and gets mail" there.  *Id.* Ex. 3.  On November 13, 2024, the process server made a final attempt at service at 21900 Neuralia Road, but this time, "there was no answer, sound or movement inside the residence," and there were "no new vehicles on the property."  *Id.*

In October and November 2024, 43 North asserts that it also had the process server make several attempts at personal service on Ficara at what 43 North describes as "an alternative address for Ficara in Margate's Articles of Organization"—9031 California City Boulevard,

California City, CA 93505.[1]  *Id.* at 2-3 & Exs. 4, 5.  On October 19, 2024, the process server

went to the address, but there was no answer at the door.  *Id.* at 2 & Ex. 4.  The lights in the

home were off but there was a dog in the yard and a vehicle in the driveway.  *Id.* Ex. 4.  On

October 21, 2024, the process server made two attempts at service.  At 2:35 p.m. that day, the

process server spoke to the occupant of the property, Katie "Doe," who refused to provide her

last name; Katie "Doe" stated that "the defendant lives around the corner," but did not provide an

exact address.  *Id.*  At 4:40 p.m. that day, the process server "attempted to obtain the subject's

new address but no one answered the door."[2]  *Id.*

On November 8, 2024, the process server again attempted service on Ficara at the 9031

California City Boulevard address.  *Id.* Ex. 5.  There was no answer at the home, and there was a

lock on the gate to the yard and front door, but there was a white truck in the driveway.  *Id.*  On

November 9, 2024, the process server returned, and again, there was no answer at the door or

sound inside the home—"no change from previous attempt."  *Id.*  On November 11, 2024, the

process server made a third attempt and this time spoke to a woman named "Kelly," who stated

that Ficara had never lived at that address and that the owner was someone by the name of Josh

---

[1] While 43 North purports to be relying on information from Margate's Articles of
Organization in its efforts to serve the Crossclaim Defendants and in support of its motion here,
it has not submitted this document for the Court's consideration, nor has it provided any
declaration to substantiate the assertions regarding the document in the motion papers.
Accordingly, the Court cannot assess whether the 9031 California City Boulevard address is a
proper service address for Ficara.

[2] Although 43 North states that the service attempts at 9031 California City Boulevard in
October 2024 were attempts to serve Ficara—and the process server's interaction with the
individual at this address appear to be referencing an individual rather than an entity—the
affidavit of attempted service and proof of diligence regarding these efforts both state that the
attempts to serve on October 19 and October 21, 2024 were attempts to serve Margate.  *See* Mot.
Ex. 4.  In contrast, for the three November 2024 attempts, there are affirmations of attempted
service for both Ficara and Margate.  *See* Mot. Ex. 5.

Meister.  *See id.*  She added that she "does not get mail for Thomas [Ficara] here" and "doesn't know where he lives."  *Id.*

### B.      Attempts to Communicate with Ficara via Email

To determine whether email could serve as a means of alternative service, 43 North's counsel sent an email to tomficara@yahoo.com on December 5, 2024.  ECF No. 74 (Declaration of Rachel A. Levin ("Levin Decl.")) ¶ 6 & Ex. 3.  43 North's counsel received a response that same day in which the user of the "tomficara@yahoo.com" email address acknowledged awareness of the lawsuit: "Your client robbed me of $250,000.  I could solve your case in ONE MINUTE, but why should I?"  *Id.*  On December 5, 2024, counsel for 43 North also sent an email to tvtsnetwork@gmail.com, the email address used by Charly to send subpoenas to Ficara in May 2024, in response to which Charly "did not receive a mailer daemon notice, or any other indication that the email failed to deliver."  *Id.* ¶ 7 (citing ECF No. 42); *see Hakim v. Accenture U.S. Pension Plan*, 735 F. Supp. 2d 939, 953 (N.D. Ill. 2010) ("As anyone who has received a 'failed delivery' e-mail from mailer-daemon knows, various problems can prevent the delivery of an e-mail message.").  43 North's counsel likewise "did not receive a bounce-back or mailer daemon notice" in response to its December 5, 2024 email.  Levin Decl. ¶ 9.

### C.      43 North's Attempts to Serve Margate

Margate is a limited liability company ("LLC") registered in Pennsylvania.  *Id.* Ex. 6.  43 North attempted service on Margate at the address registered for the LLC as reflected on the Pennsylvania Department of State business entity search website—108A Erickson Avenue, Essington, PA 19029.  Mot. at 3 & Exs. 6, 7; Levin Decl. ¶ 12 & Ex. 6.  On October 16, 2024, a process server went to the address and found a business there called ASAP.  Mot. Ex. 6. Margate was neither known nor located at this address.  *Id.*  On November 8, 2024, a different

process server went to the address and found a different business there called Anesthesia Services. *Id.* Ex. 7.[3]

According to 43 North, after the initial attempt to serve Margate at its registered business address was unsuccessful, 43 North also attempted to serve Margate at other locations. Specifically, according to 43 North, the two attempts at service at the 21900 Neuralia Road address in November 2024 were also attempts to serve Margate. Mot. Ex. 3. It appears that the basis for attempting to serve Margate at this address was either that (i) Ficara—who 43 North hoped to find at this address—should be considered an agent of Margate for purposes of service of process; or that (ii) Charly was able to serve Margate at 21900 Neuralia Road by delivering the first amended complaint to Rosenberg, who accepted service on behalf of both Ficara and Margate on August 27, 2024.[4] *See* ECF Nos. 58, 59.[5] On November 8, 2024, John "Doe" told the process server that he was not authorized to accept service on behalf of Margate. *See* Mot. Ex. 3.

43 North also attempted to serve Margate at the 9031 California City Boulevard address, apparently based on the fact that this address was listed in Margate's Articles of Organization. But this address is described elsewhere in 43 North's motion papers as "an alternative address

---

[3] The motion erroneously states that the process server went to the address on November 7, 2024. *See* Mot. at 3.

[4] When 43 North's process server encountered Rosenberg at 21900 Neuralia Road on October 17, 2024, it appears as though she only attempted service on Ficara; there is no indication that there was any discussion with Rosenberg at that time regarding service on Margate. *See* Mot. Ex. 2.

[5] While Charly's affidavit of service on Margate does not explicitly state that service was effected at 21900 Neuralia Road, the Court has drawn the same conclusion as 43 North—that is, based on the affidavits of service filed at ECF Nos. 58 and 59, it appears as though Rosenberg accepted service for both Ficara and Rosenberg at the Neuralia Road address. *See* Mot. at 3 n. 4 (citing ECF Nos. 58, 59).

for *Ficara*" listed in the Articles of Organization, and it is not clear what basis 43 North has for considering this address to be a potentially valid address for service of process on Margate.[6]

D.    **Attempts to Communicate with Margate Representatives via Email**

On December 5, 2024, 43 North's counsel sent an email to AlanRosenberg@TVSGlobalMedia.com, the email address provided on the "Contact Us" webpage of Margate's website found at http://www.margateentertainmentllc.com/MargateHome/contact-us/ [https://perma.cc/D7Z9-M6S9] (last visited Dec. 30, 2024), *see* Levin Decl. ¶ 13 & Ex. 7, and did not receive a bounce-back or mailer daemon notice, *id.* ¶ 14.

* * * * * * * * * *

As noted above, 43 North filed its crossclaims on July 25, 2024.  ECF No. 56.  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, 43 North had 90 days to effect service on Ficara and Margate, which made October 23, 2024 the deadline to complete service.  *See* Fed. R. Civ. P. 4(m).  43 North now seeks an extension of time to effect service of the crossclaims on Ficara and Margate, as well as permission to effect service of the crossclaims and 43 North's discovery demands to Ficara and Margate by the combined alternative means of certified mail and email.  *See* Mot. at 5; Levin Decl. ¶ 3 & n. 1; ECF No. 76.

**DISCUSSION**

I.    **Legal Standards**

Pursuant to Rule 4(e) of the Federal Rules of Civil Procedure, service of process on an individual in the United States may be effected in accordance with the laws of the state where the

---

[6] Again, because 43 North has not included Margate's Articles of Organization or any declaration language to explain this, the Court cannot assess whether the 9031 California City Boulevard address is a proper service address for Margate.  *See* footnote 1, *supra*.

district court is located or where service is made.[7]  Fed. R. Civ. P. 4(e)(1).  Under New York

law, service of process on a natural person may be accomplished by: (1) personal service; (2)

delivery to "a person of suitable age and discretion at the actual place of business, dwelling place

or usual place of abode of the person to be served and by either mailing the summons to the

person to be served at his or her last known residence or by mailing the summons by first class

mail to the person to be served at his or her actual place of business"; (3) service on an agent; or

(4) so-called "nail and mail" service, *i.e.*, affixing the summons to the door of the person's

"actual place of business, dwelling place or usual place of abode" and mailing it to his or her last

known residence or actual place of business.  N.Y. C.P.L.R. ("CPLR") §§ 308(1)-(4).  When

traditional methods of service such as personal service or "nail and mail" service become

"impracticable," service may be made "in such manner as the court, upon motion without notice,

directs."  CPLR § 308(5).

Pursuant to Rule 4(h) of the Federal Rules of Civil Procedure, service of process on a

"domestic or foreign corporation, or a partnership or other unincorporated association that is

subject to suit under a common name" may be effected "in the manner prescribed by Rule

4(e)(1) for serving an individual," or "by delivering a copy of the summons and of the complaint

to an officer, a managing or general agent, or any other agent authorized by appointment or by

law to receive service of process . . . ."  Fed. R. Civ. P. 4(h)(1)(A)-(B).  As noted above, Rule

4(e)(1) permits service in accordance with the laws of the state where the district court is located

or where service is made.  Fed. R. Civ. P. 4(e)(1).

---

[7] While the service of process laws of California also could apply to service on Ficara, 43 North does not attempt to rely on the service of process laws for that jurisdiction.  The Court therefore does not consider what would constitute proper service under those laws.

Because 43 North focuses exclusively on the procedures for serving an LLC under New York law, the Court again concentrates its analysis on the relevant New York statutes, rather than any applicable law from California or Pennsylvania.[8]  Under New York law, service of process upon a foreign LLC is to be made by

> delivering a copy personally to (i) any member of the limited liability company in this state, if the management of the limited liability company is vested in its members, (ii) any manager of the limited liability company in this state, if the management of the limited liability company is vested in one or more managers, (iii) to any other agent authorized by appointment to receive process, or (iv) to any other person designated by the limited liability company to receive process, in the manner provided by law for service of a summons as if such person was a defendant.

CPLR § 311-a(a).  The CPLR additionally states that "[i]f service is impracticable . . . ,  it may be made in such manner as the court, upon motion without notice, directs."  CPLR § 311-a(b).

"The meaning of 'impracticable' depends on the facts and circumstances of a particular case.  In general, plaintiff must make some showing that the other prescribed methods of service could not be made."  *Sirius XM Radio Inc. v. Aura Multimedia Corp.*, 339 F.R.D. 592, 593 (S.D.N.Y. 2021) (cleaned up).  "In shaping an appropriate method for alternate service, the Court must ensure that the alternate method complies with constitutional due process by being reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Id.* (cleaned up).

---

[8] Margate is an LLC that is registered in Pennsylvania and has its registration address there.  Margate also has previously been served in this action in California.  Accordingly, the service of process laws of California or Pennsylvania could apply to service on Margate.

## II.    Analysis

### A.    Service Upon Ficara

43 North made multiple attempts to serve Ficara without success.  In light of 43 North's "demonstrated inability to effectuate service through traditional means, the Court concludes that service pursuant to the particular methods specified by New York State law is impracticable and that alternative service is appropriate."  *Marvici v. Roche Facilities Maint. LLC*, No. 21-cv-4259 (PAE) (JLC), 2021 WL 5323748, at *3 (S.D.N.Y. Oct. 6, 2021) (cleaned up).  Service on Ficara by alternative means is appropriate for the added reason that Ficara already knows about the pending lawsuit—he was served with the first amended complaint by Plaintiffs in August 2024, and the user of the "tomficara@yahoo.com" email address demonstrated an obvious familiarity with the matter in the December 5, 2024 communication with 43 North's counsel.  *See* ECF No. 58; Levin Decl. Ex. 3; *see Marvici*, 2021 WL 5323748, at *5 ("Service by alternative means is all the more reasonable where a defendant demonstrably already has knowledge of the lawsuit.").

43 North requests permission to effect service upon Ficara through the alternative methods of (1) certified mail sent to 21900 Neuralia Road in California City, and (2) email sent to tomficara@yahoo.com and tvtsnetwork@gmail.com.  *See* Mot. at 5; Levin Decl. ¶ 3 & n. 1. "In general, courts have authorized alternative service via certified mail to a last known address." *Marvici*, 2021 WL 5323748, at *3.  Despite 43 North's numerous unsuccessful attempts to serve Ficara at 21900 Neuralia Road, on November 8, 2024, the process server spoke with an occupant at the address who stated that even though Ficara no longer resided there, he still receives mail there.  Mot. at 2 & Ex. 3.  Accordingly, service upon Ficara by certified mail sent to 21900 Neuralia Road is reasonably calculated to provide Ficara with notice of the crossclaims.

"Service by email is appropriate when it can be demonstrated that such service is likely to reach the defendant." *Wells Fargo Bank, N.A. v. Johnson*, No. 20-cv-5496 (LDH) (LB), 2021 WL 9678391, at *2 (E.D.N.Y. Feb. 9, 2021) (cleaned up). "Service using this method has been upheld in cases where the proposed email address was undisputedly connected to the defendant and used for business purposes." *Id.* (cleaned up). There is evidence that Ficara receives email at both tomficara@yahoo.com and tvtsnetwork@gmail.com. 43 North notes that tomficara@yahoo.com is the email address through which Curt Frasca, 43 North's principal, previously had indirect business communications with Ficara in 2019. Levin Decl. ¶ 4 & Ex. 1. In addition, a press release issued by TVS Television Network on November 29, 2024 includes, as part of Ficara's contact information, the email address tomficara@yahoo.com. *Id.* ¶ 5 & Ex. 2. Lastly, as noted above, 43 North's counsel sent an email to tomficara@yahoo.com on December 5, 2024, and received a response that same day that demonstrates a familiarity with this matter. *Id.* ¶ 6 & Ex. 3.

As also noted above, tvtsnetwork@gmail.com was the email address used by Charly to send subpoenas to Ficara, in response to which Charly "did not receive a mailer daemon notice, or any other indication that the email failed to deliver." *Id.* ¶ 7 (citing ECF No. 42). Similarly, when counsel for 43 North sent an email to tvtsnetwork@gmail.com on December 5, 2024, she "did not receive a bounce-back or mailer daemon notice." *Id.* ¶ 9. Courts have found that service via email is reasonably calculated to provide notice when test emails to viable addresses do not generate bounce-back responses. *See Toyo Tire & Rubber Co., Ltd. v. CIA Wheel Grp.*, No. 15-cv-246 (DOC), 2016 WL 1251008, at *3 (C.D. Cal. Mar. 25, 2016) ("Many cases have found service of process by email to be reasonably calculated to provide actual notice when the test email is not returned as undeliverable or bounced back.") (citing cases); *see also Fusa*

*Franchisor SPV LLC v. SGB, Inc.*, No. 23-cv-2673 (AB), 2023 WL 8125854, at *2 (C.D. Cal. Aug. 28, 2023) (finding that plaintiff had demonstrated that service by email to defendants was "reasonably calculated to provide notice to the party to be served" where emails sent to addresses at which plaintiff last tried to contact defendants "did not receive a 'bounce back' response"). Moreover, press releases issued by TVS Television Network on August 5, 2024 and November 16, 2024[9] include the email address tvtsnetwork@gmail.com as part of Ficara's contact information. *Id.* ¶ 8 & Exs. 4, 5.

Based on the foregoing, 43 North has established that the email addresses tomficara@yahoo.com and tvtsnetwork@gmail.com are undisputedly connected to Ficara, that service to these email addresses is likely to reach him, and that such service is reasonably calculated to provide Ficara with notice of the crossclaims. The Court therefore approves alternative service by this method as well.

### B.    Service Upon Margate

43 North made multiple unsuccessful attempts to serve Margate, and on balance the Court finds that 43 North has established that service by traditional methods is impracticable. As explained above, under New York law, service on an LLC may be made on "any other agent authorized by appointment to receive process," or "any other person designated by the [LLC] to receive process," CPLR § 311-a(a), or on "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . . ," Fed. R. Civ. P.

---

[9] The November 16, 2024 date only appears in the online version of the press release, not the hard copy version that is attached to the Levin Declaration. *See* Merxwire, "Clutch Roberts, TVS Records Featured Brass Soloist, Now Highlighted in a Spotify Artists Section," https://www.bignewsnetwork.com/news/274763319/clutch-roberts-tvs-records-featured-brass-soloist-now-highlighted-in-a-spotify-artists-section [https://perma.cc/78AP-88J9] (last visited Dec. 30, 2024).

4(h)(1)(B).  Here, 43 North made two attempts to serve Margate at the Pennsylvania address

where Margate is formally registered to conduct business, only to learn that Margate could not be

found at that address.  43 North also made several unsuccessful attempts to serve Margate at the

21900 Neuralia Road and 9031 California City Boulevard addresses, presumably based on the

understanding that Ficara—who 43 North also attempted to serve at those addresses—is an agent

authorized to accept service on Margate's behalf.  Unfortunately, the evidence presented by 43

North that Ficara is an agent authorized to accept service for Margate is thin.  43 North states

only that "[u]pon information and belief, Ficara is a managing principal of Margate," citing the

letter filed by Charly's counsel when Charly previously sought leave to serve subpoenas on

Ficara and Margate by alternative means.  Mot. at 3 (emphasis added); *see* ECF No. 42 at 3

("Ficara is a managing principal of Margate . . .").[10]  43 North cites that same letter from

Charly's counsel as the basis for its statement that Margate does not have a registered service

agent.  *See* Mot. at 3 (citing ECF No. 42).  And although 43 North maintains that Alan

Rosenberg previously accepted service of the first amended complaint on behalf of Margate at

the 21900 Neuralia Road address, *see* ECF No. 59,[11] and that 43 North made "multiple

---

[10] That said, notably, in the section of Margate's website that includes biographies of six individuals who appear to be the leaders of the business, Ficara's professional biography is the first one listed.  According to that biography, Ficara "has owned and operated the TVS Television Network . . . since 1990," and "owns and has operated the RKO Unique Record Company since 1995," and goes on to say that "[t]he last few years have found Tom as active as ever."  *See* https://www.margateentertainmentllc.com/MargateHome/about/ (last visited Dec. 30, 2024).  Indeed, Ficara is listed as the point of contact on TVS Television Network press releases from August and November 2024.  *See* Levin Decl. Exs. 2, 4, 5.  For reasons not explained on the website, the link on the Margate homepage to the page with the corporate biographies, and the title of that page, is "Old About Us."  *See* http://www.margateentertainmentllc.com/MargateHome/about/ [https://perma.cc/Q52K-VGZL] (last visited Dec. 30, 2024).

[11] While Charly's affidavit of service on Margate does not explicitly state that service was effected at 21900 Neuralia Road, the Court has drawn the same conclusion as 43 North— that is, based on the affidavits of service filed at ECF Nos. 58 and 59, it appears as though

unsuccessful service attempts" at that address, "notably even making contact with Mr. Rosenberg who refused to accept service," Mot. at 3, the proof of diligence from the process server states that the attempted service on the occasion that the process server spoke with Rosenberg was only an attempt to serve Ficara. *See* Mot. Ex. 2 (attempted service on October 17, 2024, when "server spoke to Alan Doe").

Yet despite these issues, "[i]mpracticability does not require satisfying due diligence, or even showing that actual prior attempts to serve a party under each and every method provided in the statute have been undertaken." *Freeman v. Giuliani*, No. 24-mc-353 (LJL), No. 24-cv-6563 (LJL), 2024 WL 5054913, at *2 (S.D.N.Y. Dec. 10. 2024) (quotation marks omitted). 43 North's attempts at service at Margate's registered Pennsylvania address demonstrate the impracticability of service on Margate by traditional means. Moreover, as noted above, "[s]ervice by alternative means is all the more reasonable where a defendant demonstrably already has knowledge of the lawsuit." *Marvici*, 2021 WL 5323748, at *5. Since Margate already has been served with the first amended complaint, it demonstrably has knowledge of the lawsuit. Accordingly, the Court finds that service on Margate by alternative means is appropriate.

43 North requests permission to effect service upon Margate by (1) certified mail sent to its address of registration at 108A Erickson Avenue, Essington, PA 19029, and (2) email sent to AlanRosenberg@TVSGlobalMedia.com. *See* Mot. at 5; Levin Decl. ¶ 12 & n. 1. While the 108A Erickson Avenue address is currently listed as Margate's address of record according to the Pennsylvania Department of State, and its LLC registration is listed as active, *see* Levin Decl.

---

Rosenberg accepted service for both Ficara and Rosenberg at the Neuralia Road address. *See* Mot. at 3 n. 4 (citing ECF Nos. 58, 59).

Ex. 6, there is no evidence that Margate is actually at that address.  The Court nonetheless approves alternative service by certified mail sent to that address since, similar to the proposed alternative service on Ficara, it is proposed in tandem with alternative service by email.  *See Marvici*, 2021 WL 5323748, at *3-4 (where plaintiffs knew that defendant did not actually live or work at the addresses at which they proposed to serve him by certified mail, court found that due process was satisfied where plaintiffs intended to "supplement the mailings with service via text message," noting that courts "have approved multi-prong approaches to service").

As noted above, 43 North's counsel sent an email to AlanRosenberg@TVSGlobalMedia.com, the email address provided on the "Contact Us" webpage of Margate's website, on December 5, 2024, and did not receive a bounce-back or mailer daemon notice.  Levin Decl. ¶ 14.  Accordingly, service by email sent to AlanRosenberg@TVSGlobalMedia.com is reasonably calculated to provide Margate with notice of the crossclaims.  *See Toyo Tire & Rubber Co., Ltd.*, 2016 WL 1251008, at *3 (C.D. Cal. Mar. 25, 2016); *see also Fusa Franchisor SPV*, 2023 WL 8125854, at *2.  Furthermore, since Rosenberg accepted service of the first amended complaint on behalf of Margate just over four months ago, he is undoubtedly on notice of the lawsuit, and it is reasonable to infer that he remains authorized to accept service on behalf of the LLC.

43 North has established that the AlanRosenberg@TVSGlobalMedia.com email addresses is undisputedly connected to Margate, that service to this email address is likely to reach Rosenberg, and that such service is reasonably calculated to provide Margate with notice of the crossclaims.  The Court therefore approves alternative service by this method as well.

14

### C.    Extension of Time to Effect Service of the Summons and Crossclaims

43 North requests that the period to effect service on the Crossclaim Defendants be extended *nunc pro tunc* to a date 60 days from the date of this order.  *See* Mot. at 4.  Rule 4(m) of the Federal Rules of Civil Procedure provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time"; however, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).

43 North has made numerous unsuccessful attempts to effect service on the Crossclaim Defendants using traditional methods at multiple addresses.  The Court finds that 43 North has demonstrated "good cause" for its failure to effect service within the 90-day period provided by Rule 4(m), and that an extension of time is therefore warranted.  *See Wells Fargo Bank, N.A.*, 2021 WL 9678391, at *3 (finding good cause under Rule 4(m) and granting extension of time to effect service).  In light of the approved methods of alternative service, however, the requested 60-day extension is not necessary.  A 14-day extension from the date of this order is more than sufficient to effect service by certified mail and email.  *See, e.g., Marvici*, 2021 WL 5323748, at *5 (granting 19-day extension of time).

### D.    Service of 43 North's Discovery Demands

Given the Court's findings regarding the impracticability of serving Ficara and Margate, there is no reason to believe that 43 North will have any greater likelihood of being able to serve notices of, or subpoenas for, depositions, requests for production of documents, and interrogatories by traditional means.  Accordingly, the Court authorizes 43 North to serve Ficara

and Margate with notices of, or subpoenas for, depositions,[12] initial requests for production of documents, and initial sets of interrogatories via the same alternative means, and at the same time, that it serves the summonses and crossclaims.

In addition, to obviate the need for separate, and likely futile, efforts by Charly to serve any discovery demands on Ficara and Margate,[13] to be followed by a new motion to authorize alternative service, and all of the delay that would necessarily result from such efforts, any discovery demands that Charly wishes to formally serve on Ficara and Margate also must be served by 43 North at the same time, and via the same means, as the service of the summonses and crossclaims and service of 43 North's discovery demands. Charly must provide any new or additional notices of, or subpoenas for, depositions, requests for production of documents, and sets of interrogatories for Ficara and Margate to counsel for 43 North by no later than Friday, January 10, 2025, so that these materials can be included in the service package.[14]

## CONCLUSION

For the foregoing reasons, 43 North's motion to authorize service of its crossclaims by alternative means, and to extend the deadline to complete service of the crossclaims, ECF No. 68, is GRANTED.

---

[12] Counsel for Charly and 43 North must coordinate to select mutually agreeable dates for the depositions of Ficara and Margate before service of the deposition notices or subpoenas.

[13] While Charly was able to serve the first amended complaint on Ficara and Margate, *see* ECF Nos. 58, 59, the subsequent unsuccessful efforts by 43 North to serve the crossclaims at the same address strongly suggest that Charly will encounter the same problems in serving any discovery demands that 43 North has encountered.

[14] If Charly does not intend to formally serve any new or additional discovery demands on Ficara and Margate, counsel for Charly must notify counsel for 43 North of this by no later than January 10, 2025.

43 North may effect service on Ficara by (1) certified mail sent to 21900 Neuralia Road, California City, California 93505, and (2) email sent to tomficara@yahoo.com and tvtsnetwork@gmail.com.  43 North may effect service on Margate by (1) certified mail sent to 108A Erickson Avenue, Essington, PA 19029, and (2) email sent to AlanRosenberg@TVSGlobalMedia.com.

The deadline to complete the authorized service on the Crossclaim Defendants and to file proof of service on the docket is extended to January 13, 2025.

In addition, 43 North's motion, ECF No. 76, to serve its discovery demands on Ficara and Margate by the same alternative means is also GRANTED.  Service of both 43 North's discovery demands and Charly's discovery demands (if any) on Ficara and Margate must be made at the same time as the service of the summonses and crossclaims.  To facilitate this, Charly must provide any new or additional discovery demands to be served on Ficara and Margate to counsel for 43 North by Friday, January 10, 2025, or notify counsel for 43 North by that date that it does not intend to serve any new or additional discovery demands.

Dated:  December 30, 2024
       White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge